UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| D. ALLEN BLANKENSHIP,<br><br>      *Plaintiff,*<br>v.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY,<br><br>      *Defendant.* | Civil Action No. 2:24-cv-3003<br><br>**Jury Trial Demanded** |

### PLAINTIFF'S FIRST AMENDED MOTION FOR
### PRELIMINARY INJUNCTION

1. Plaintiff D. Allen Blankenship ("Mr. Blankenship" or "Plaintiff"), by and through his undersigned counsel, hereby moves this Court, pursuant to Federal Rule of Civil Procedure 65, for entry of a Preliminary Injunction to enjoin, preliminarily and permanently thereafter, the Financial Industry Regulatory Authority, Inc. ("FINRA" or "Defendant") from proceeding with a disciplinary hearing against Plaintiff in the FINRA OHO forum, and from taking any adverse action against Plaintiff—either directly or indirectly—including, but not limited to speaking with Plaintiff's clients, employers, or others until this matter may be heard by this Court to resolve the underlying legal dispute.

2. Plaintiff incorporates by reference the facts alleged in his First Amended Verified Complaint as if fully restated herein.

3. Plaintiff also incorporates by reference the legal arguments contained in his First Amended Memorandum in Support of its Motion for a Preliminary Injunction as if fully restated herein.

4. Plaintiff has satisfied the four-part test for granting a preliminary injunction. As set forth in the accompanying legal memorandum,

a. Plaintiff is likely to succeed on the merits of his claim under either or both distinct legal grounds briefed extensively in the accompanying Amended Memorandum in Support of Plaintiff's Motion for a Preliminary Injunction;

b. Plaintiff will suffer irreparable harm unless the requested injunctive relief is granted;

c. No harm to Defendant would result from granting Plaintiff the requested injunctive relief; and

d. Public interest favors granting the requested relief to Plaintiff.

5. Defendant will hold a disciplinary hearing against Plaintiff forthwith, if the Court denies Plaintiff's motion for a preliminary injunction. Absent a preliminary injunction to enjoin Defendant, Plaintiff will suffer irreparable harm because the ongoing FINRA disciplinary proceedings will put him out of business. In addition, as noted by Judge Walker in *Alpine Sec. Corp. v. Fin. Indus. Regul. Auth.*, "the resolution of claims by an unconstitutionally structured adjudicator is a 'here-and-now-injury' that cannot be later remedied." *Id.*, No. 23-5129, 2023 U.S. App. LEXIS 16987, at *3-5 (D.C. Cir. July 5, 2023); 15 U.S.C § 78s(g)(1). The postponement is necessary only for so long as it takes this Court to resolve the underlying legal dispute.

6. Plaintiff, through his undersigned counsel, gave notice of this action and Motion for Preliminary Injunction to Counsel for Defendant, Justin W. Arnold, FINRA Dept. of Enforcement, Sr. Litigation Counsel, on July 10, 2024. All documents filed with this Court have been emailed to Counsel for Defendant separately.

7. Plaintiff respectfully requests that this Court grant a preliminary injunction enjoining Defendant from holding a disciplinary hearing against Plaintiff.

8. Because this is a non-commercial case involving relief pursuant to principles of equity, and because the balance of hardships favors the Plaintiff, the security bond requirement in Federal Rule of Civil Procedure 65(c) should be waived. *H. v. Easton Area Sch. Dist.*, 827 F. Supp. 2d 392, 409 (E.D. Pa. 2011) (citing *Elliott v. Kiesewetter*, 98 F.3d 47, 59–60 (3d Cir. 1996)).

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a Preliminary to enjoin, preliminarily and permanently thereafter, Defendant from proceeding with a disciplinary hearing against Plaintiff in the OHO forum, and from taking any adverse action against Plaintiff—either directly or indirectly—including, but not limited to speaking with Plaintiff's clients, employers, or others until this matter may be heard by this Court to resolve the underlying legal dispute.

Respectfully submitted,

Dated: July 15, 2024        By: */s/ John P. Quinn*

John P. Quinn, Esq. (No. 85239)
Quinn Law Partners
Radnor Financial Center
150 N. Radnor Chester Road, Suite F200
Radnor, PA 19087
Telephone: (484) 354-8080
Email: jpquinn@quinnlp.com

Dochtor D. Kennedy, MBA, J.D. (CO No. 45851)
*Admitted on Pro Hac Vice Motion*
HLBS Law
Of Counsel
390 Interlocken Crescent, Suite 350
Broomfield, CO 80021
Telephone: (720) 282-5154
Facsimile: (720) 340-5022
Email: doc.kennedy@hlbslaw.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| D. ALLEN BLANKENSHIP,<br><br>   *Plaintiff,*<br> v.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY,<br><br>   *Defendant.* | Civil Action No. 2:24-cv-3003<br><br>**Jury Trial Demanded** |

## [PROPOSED] PRELIMINARY AND PERMANENT INJUNCTION

AND NOW, on this ____ day of _____, 2024, upon the Motion Preliminary Injunction (the "Motion") filed by Plaintiff D. Allen Blankenship ("Blankenship" or "Plaintiff") against Defendant Financial Industry Regulatory Authority, Inc. ("FINRA" or "Defendant"), Plaintiff's supporting Memorandum of Law, verified Complaint, and supporting materials, and Defendant's opposition, if any, and having held a hearing on _____, 2024, this Court finds that Plaintiff has established that:

 1. There is a substantial likelihood that the Plaintiff will succeed on the merits of his claim against Defendant;

 2. Plaintiff will suffer immediate and irreparable harm if Defendant's unlawful conduct remains unabated;

 3. The irreparable injury Plaintiff faces outweighs the injury that Defendant will sustain as a result of the immediate injunctive relief; and

 4. The public interest will be served by the granting of the immediate injunctive relief.

1

**WHEREFORE, IT IS HEREBY ORDERED THAT** the Plaintiff's Motion for Preliminary Injunction is **GRANTED**, and the Defendant is hereby bound by the following terms:

1. Defendant shall maintain and hold all records, documents, or other forms of information, including that which is stored in electronic form in any place which Defendant may store such information, which relate to the allegations in Plaintiff's verified Complaint, to ensure the fair conduct of this litigation.

2. Any person, including any corporation, partnership, franchise, or other business entity, having received notice of this Order pursuant, shall afford it full faith and credit and undertake all reasonable efforts to safeguard any information relating to Plaintiff's claims and take no action to assist Defendant from taking any adverse action against Plaintiff—either directly or indirectly.

IT IS HEREBY FURTHER ORDERED THAT:

1. Plaintiff shall immediately provide notice of this Order and, to the extent he has not already, make service of all papers upon Defendant.

**SO ORDERED.**

**ENTERED** this \_\_\_\_ day of _____, 2024.

_____